O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BELL,<br><br>    Petitioner,<br><br>v.<br><br>SANDRA AFARLO, Warden,<br><br>    Respondent. | Case No. ED CV 15-0590 ODW (JCG)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |

## I.
## INTRODUCTION

On February 18, 2015, petitioner Kevin D. Bell ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") in the United States District Court for the Northern District of California ("Northern District"), challenging the non-restoration of good-time credits that were forfeited after a prison disciplinary hearing. (Pet. at 4-7, 10.) On March 25, 2015, the Northern District transferred the action to this Court. (Dkt. No. 7.) However, because the Petition is moot, the action must be dismissed without prejudice.

## II.
## BACKGROUND

On December 5, 2014, Petitioner was serving a sentence on a burglary

conviction at North Kern State Prison. (Pet. at 1-2.) That day, Petitioner was involved in an altercation, for which he underwent a disciplinary hearing and lost certain good-time credits. (*Id.* at 5, 10.) Thereafter, Petitioner requested the restoration of his credits, but was apparently ignored. (*Id.* at 4-7, 10.) On or about February 22, 2015, Petitioner was released from custody. (*Id.* at 10); *see also* http://inmatelocator.cdcr.ca.gov/; *United States v. Basher*, 629 F.3d 1161, 1164 n.2 (9th Cir. 2011) (federal courts may take judicial notice of public information on prison inmate locator services).

## III.
## DISCUSSION

As a rule, a case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). To meet Article III's "case or controversy" requirement, the parties must continue to have a personal stake in the outcome of the lawsuit throughout the proceedings. *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003). Thus, "if an event occurs . . . that makes it impossible for the court to grant any effectual relief whatever to a prevailing party," the claim is moot. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (citation omitted).

Here, Petitioner is no longer incarcerated. (Pet. at 10); http://inmatelocator.cdcr.ca.gov/. Because he has been released from prison, the remedy he seeks – namely, restoration of forfeited good-time credits – would serve no purpose.

Moreover, while a habeas petition challenging an underlying conviction is not rendered moot by the petitioner's release so long as collateral consequences flow from that conviction, "the presumption of collateral consequences does not apply to prison disciplinary proceedings." *Wilson*, 319 F.3d at 479.

Significantly, Petitioner alleges no continuing collateral consequences attached to his forfeited good-time credits, and the record reveals none. *See id.* at 483 (petition moot where petitioner failed to allege any collateral consequences of prison discipline

that met the case or controversy requirement); *Nonnette v. Small*, 316 F.3d 872, 875-76 (9th Cir. 2002) (*per curiam*) (petition attacking the revocation of good-time credits would be rendered moot by release from prison where discipline had no post-release collateral consequences).

Thus, this Court can no longer grant Petitioner any meaningful relief, and the Petition is moot. *See McDaniel v. Clay*, 2011 WL 2554191, at *2-3 (E.D. Cal. June 24, 2011) (petition seeking expungement of disciplinary conviction and reinstatement of 150 days good-conduct time was mooted by petitioner's release on parole). As a result, the Court has no jurisdiction over the Petition and the action must be dismissed.

## IV.
## CERTIFICATE OF APPEALABILITY

Additionally, for the reasons stated above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; *and* (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

## V.
## ORDER

For the foregoing reasons, **IT IS ORDERED THAT** this action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: April 6, 2015

_____
HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE